IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

HAROLD D. HATCHER,                )
                                  )
                                  )     CIVIL ACTION NO. 0:04-2148-MBS-BM
                   Plaintiff,     )
                                  )
v.                                )     **REPORT AND RECOMMENDATION**
                                  )
JO ANNE B. BARNHART               )
COMMISSIONER OF SOCIAL            )
SECURITY,                         )
                                  )
                   Defendant.     )
_____)

        The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of the final decision of the Commissioner wherein he was denied disability benefits.

This case was referred to the undersigned for a report and recommendation pursuant to Local Rule

73.02(B)(2)(a), (D.S.C.).

        The record shows that Plaintiff applied for Disability Insurance Benefits (DIB) on

March 4, 2003,  alleging disability as of October 1, 2002 due to post-traumatic stress disorder

(PTSD), depression, high blood pressure, arthritis, and non-erosive reflux disease.  (R.pp. 60-63).

Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing

before an Administrative Law Judge (ALJ), which was held on January 8, 2004. (R.pp. 208-224). The

ALJ thereafter denied Plaintiff's claim in a written decision dated March 19, 2004. (R.pp. 10-23).

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making

the determination of the ALJ the final decision of the Commissioner. (R.pp. 5-7).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

2

## Discussion

A review of the record shows that Plaintiff, who was fifty-two (52) years old when he alleges his disability began, has a college education with past relevant work experience as a plant manager, a chemical treatment technician, an auto maintenance technician, and a chief executive officer (CEO) of the Waccamaw Indian People. (R.pp. 21, 78, 211). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of his past relevant work, he retained the residual functional capacity to perform a significant range of light work[1], and was therefore not disabled. (R.pp. 22-23).

Plaintiff asserts that in reaching this decision, the ALJ erred by improperly evaluating and considering Plaintiff's subjective testimony, and in particular by failing to take into account Plaintiff's alleged inability to keep or maintain a schedule and need to "come and go as he pleased." However, after careful review of the arguments and evidence submitted, the undersigned finds that there is substantial evidence to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act during the relevant time period, and that the decision of the Commissioner should therefore be affirmed.

---

[1]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2004).

3

Specifically, a review of the ALJ's decision shows that he carefully reviewed the medical evidence of record in conjunction with the Plaintiff's subjective testimony, taking care to note where the Plaintiff's allegations were inconsistent with the medical evidence of record and Plaintiff's own report and testimony as to the extent and nature of his activities. (R.pp. 17-18). The undersigned can find no reversible error in the ALJ's findings and conclusions. Medical reports from Dr. J.W. Thrasher from January 2002 noted that Plaintiff was doing very well and responding well to his medications, that Plaintiff had adjusted well to his situation, and that Plaintiff had been working regularly and was Chief of the Waccamaw Indian Nation. (R.p. 151). An examination by Dr. Thrasher on February 27, 2002 found Plaintiff to be alert with no thought disorder and stable affect, and that Plaintiff remained in "stable status". (R.p. 150). By November 7, 2002 (one month after Plaintiff alleges he became disabled), Dr. Thrasher noted that Plaintiff was claiming that his panic attacks were more frequent and were occurring in new and different places. However, Plaintiff was not interested in taking medication on a daily basis. (R.p. 149). Plaintiff also reported in March 2003 that he was able to maintain regular activities of daily living, including outside activities such as shopping and visiting his mother. (R.pp. 97-100). See also (R.p. 156). When Plaintiff underwent a consultative examination by Dr. Alexander Staton on April 29, 2003, he told Dr. Staton that he felt he was "unable to work due to panic attacks." However, Dr. Staton's examination revealed that Plaintiff's mental activity was normal, his affect was euthymic[2], and his judgment was adequate. Plaintiff also told Dr. Staton that he did not feel depressed most of the time, that he was able to enjoy some activities, and that he in fact participated in a variety of activities. See generally, (R.pp. 155-

---

[2]"Euthymic is a medical term referring to a joyful or tranquil mood, neither manic or depressed." Sullivan v. Barnhart, 368 F.3d 857, 861 n. 2 (8th Cir. 2004).

157).

On June 24, 2003, state agency psychologist Donald W. Hinnant completed a mental functional capacity evaluation for the Plaintiff after a review of Plaintiff's medical records, and concluded that Plaintiff had no significant limitations in most areas of work related mental functioning. (R.pp. 162-165).  Specifically, he found that Plaintiff was only "occasionally" moderately limited in his ability to work with others without being distracted, moderately limited in his ability to complete a normal work day without interruptions from psychologically based symptoms, and moderately limited in his ability to interact appropriately with the general public.  Dr. Hinnant believed that Plaintiff may have occasional interruptions at work due to social anxiety, and would work best in relatively solitary positions. (R.pp. 162-164). A month later, a psychiatric review technique form was prepared by Dr. Patrick Garrell on August 25, 2003, who found Plaintiff to have only mild functional limitations in his activities of daily living, mild limitations in maintaining concentration, persistence or pace, moderate limitations in social functioning, and no episodes of decompensation of extended duration.  (R.pp. 190-203).  Dr. Garrell further reported in a mental residual functional capacity assessment that Plaintiff had no significant limitations in most areas of work related mental functioning, and that Plaintiff's symptoms would not interfere with completion of a normal work day/work week, and would not require an unreasonable number of rests or "cooling off" periods. (R.pp. 181-185).

The ALJ carefully considered this medical record in conjunction with Plaintiff's subjective testimony and concluded that Plaintiff had the ability to perform a significant range of light work activity restricted to no travel, little contact with the public, and a low stress position. (R.pp. 19-20).  The records and opinions of Plaintiff's treating and examining physicians provide

substantial evidence to support this conclusion; see Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly give significant weight to an assessment of an examining physician]; Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physicians may constitute substantial evidence in support of a finding of non-disability]; as do the opinions of consultative physicians Hinnant and Garrell. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner]. Plaintiff's claim that the ALJ inadequately or improperly considered this evidence is without merit. See Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; Hunter, 993 F.2d at 35 [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints]; Jolley v. Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [finding that objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled]; Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ["[A] psychological disorder is not necessarily disabling. There must be a showing of related functional loss"].

　　　　　Plaintiff's main argument for reversal concerns the vocational expert having testified at the hearing that, if Plaintiff's condition rendered him unable to keep a schedule, he would be unable to perform any gainful work activity. (R.p. 223). This argument relates to Plaintiff's claim that his condition renders him unable to maintain a schedule, and that he has a need to "come and go" as he pleases. However, the ALJ did not find that Plaintiff's mental impairment rendered him unable to keep a schedule, and when the ALJ asked the vocational expert to assume an individual of

Plaintiff's age, education, and work experience with the limitations *found by the ALJ,* the vocational expert identified several light jobs which Plaintiff could perform with the limitations noted. (R.pp. 221-223). While the Plaintiff may disagree with the findings of the ALJ, the undersigned has previously concluded that these findings are supported by substantial evidence in the record as that term is defined in the applicable caselaw.  Hence, as the limitations cited by the ALJ in his hypothetical are supported by substantial evidence, the hypothetical given by the ALJ to the vocational expert was proper, and the undersigned therefore finds no grounds in the ALJ's treatment of the vocational expert's testimony for reversal of the final decision of the Commissioner.  Lee v. Sullivan, 945 F.2d 687, 694 (4th Cir. 1991); see also Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir. 1986).

## Conclusion

Substantial evidence is defined as " … evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).  As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social

Security Act during the relevant time period. Therefore, it is recommended that the decision of the

Commissioner be **affirmed**.

                                             s/ BRISTOW MARCHANT
                                                Bristow Marchant
                                                United States Magistrate Judge

Columbia, South Carolina

April   5,   2005