IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Harold D. Hatcher,           )  | |
|                              )  | C/A No.: 0:04-2148-24MBS |
|     Plaintiff,     )  | |
|                              )  | |
| vs.                          )  | |
|                              )  | **O P I N I O N  AND  O R D E R** |
| Jo Anne B. Barnhart, Commissioner of )  | |
| Social Security,             )  | |
|                              )  | |
|     Defendant.     )  | |
|                              )  | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying disability insurance.

**PROCEDURAL HISTORY**

Plaintiff Harold Hatcher filed an application for disability insurance benefits on March 4, 2003 alleging that he was unable to work as of October 1, 2002 because of acid reflux, high blood pressure, arthritis, lumbar strain, panic attacks, depression, and Post-Traumatic Stress Disorder (PTSD). The application was denied initially and again on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on January 8, 2004. On March 19, 2004, the ALJ issued a decision that Plaintiff was not eligible for disability or disability insurance under sections 216(i) and 223 of the Act. The decision of the ALJ became the final decision of the Commissioner on April 30, 2004, after the Appeals Council determined that there was no basis for

granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. On April 5, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision to deny benefits be affirmed. Plaintiff filed objections to the Report on April 21, 2005. This matter is now before the court for review of the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. See, Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the

Commissioner. <u>Vitek v. Finch</u>, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." <u>Flack v. Cohen</u>, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." <u>Vitek</u>, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. <u>Coffman v. Bowen</u>, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

**DISCUSSION**

The facts are recited briefly in the Report and Recommendation. Plaintiff filed for disability benefits after allegedly being unable to work due to a myriad of health problems. At his administrative hearing before the ALJ, Plaintiff testified to receiving treatment for high blood pressure, arthritis, panic attacks, depression, and PTSD. Administrative Record, 213. Plaintiff also testified that he needed medication to cope with the effects of encountering automobile traffic or tall buildings. <u>Id</u>. at 214-15. Plaintiff alleged that he is unable to serve in his former occupation as a water-treatment technician as a direct result of either his strong mental and physical reactions to these effects, or due to the sleepiness induced by the medication needed to counteract them. <u>Id</u>.

Vocational Expert Feryal Jubran testified that there "would be jobs" for a hypothetical individual with Plaintiff's "age, education, and work experience" that did not require travel and provided a "low-stress" working environment. Administrative Record, 221-22. She then listed several occupations available to Plaintiff in South Carolina. Id. at 223. Ms. Jubran concluded by noting, however, that none of these positions would be available to Plaintiff if he was totally unable, as he claimed, to "keep his schedule." Id.

Though the ALJ determined Plaintiff's condition to be "severe," he nonetheless found that there "are a significant number of jobs in the national economy that [Plaintiff can] perform." Administrative Record, 23. Consequently, the ALJ held that Plaintiff is not entitled to disability benefits under the Social Security Act. Administrative Record, 23.

On review, the Magistrate Judge determined that there was "substantial evidence to support the conclusion of the ALJ that Plaintiff was not disabled and that the decision to deny benefits should be affirmed." Report of Magistrate Judge, 3. The Magistrate referenced not only the ALJ Hearing, but also noted in detail several evaluations of Plaintiff performed by licensed medical professionals that supported the ALJ's decision. Report of Magistrate, 5-7. Specifically, the Magistrate referenced an evaluation by psychologist Dr. Donald W. Hinnat noting that Plaintiff suffered from "no cognitive limitations" and recommending that Plaintiff "could work best in relatively solitary positions." Id. at 5 (citing Administrative Record, 164). This assessment was confirmed in a later evaluation by Dr. M. Patrick Jarrel who analyzed Plaintiff and determined that "[Plaintiff's] symptoms would not interfere with satisfactory completion of a normal workday/week or require an unreasonable number of rest or cooling off periods." Administrative Record, 185. Dr. Jarrel concludes, "[Plaintiff] appears capable of working in a typical routine and schedule on a regular basis." Id.

4

In his objection to the Magistrate's Report, Plaintiff argues only that the limitations described in the evaluations of Drs. Hinnat and Jarrel "would affect [Plaintiff's] ability to engage in substantial gainful activity on a regular basis [and] would affect [Plaintiff's] ability to maintain a schedule." Plaintiff's Motion to Object to Report of Magistrate Judge, 2. While this is certainly a valid interpretation of a portion of the evidence used to appraise Plaintiff's claim, the role of this court on review is solely to determine if substantial evidence existed to support the Commissioner's decision and not to evaluate, *de novo*, Plaintiff's application for benefits. Blalock, 483 F.2d at 775. The record reviewed by the ALJ included several evaluations by licensed medical professionals noting that Plaintiff has the ability to work. Administrative Record, 164, 185. The ALJ also reviewed the live testimony of a vocational expert indicating that jobs are available for Plaintiff in the South Carolina economy, Administrative Record, 222, as well as Plaintiff's own testimony that his condition can be controlled with a flexible schedule or medication. Administrative Record, 218-19. Thus, the court finds that there is substantial evidence to support the Commissioner's findings.

## CONCLUSION

After reviewing the record, the applicable law, the briefs of counsel, as well as the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, the court adopts the Magistrate Judge's Report and incorporates it herein by reference.

For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision is **affirmed**.

**IT IS SO ORDERED**.

<u>/s/ Margaret B. Seymour</u>
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
September 14, 2005

6